IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS KLEIN | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.   11-278 |
| | : | |
| v. | : | |
| | : | |
| PIKE COUNTY COMMISSIONERS, et al. | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

**AND NOW**, this 5th day of December 2011, upon consideration of Plaintiff's Complaint

(Doc. No. 1) and the Report and Recommendation of United States Magistrate Judge Martin C.

Carlson (Doc. No. 12),[1] it is hereby **ORDERED** that:

1.    The Report and Recommendation of Magistrate Judge Martin C. Carlson (Doc.

No. 12) is **APPROVED AND ADOPTED**.[2]

---

[1] Pursuant to Middle District Local Rule 72.3, a plaintiff may file objections to a magistrate judge's proposed findings within fourteen days of service of the magistrate judge's report or recommendation. In the instant matter, the record demonstrates that Plaintiff did not file any objections to the Report and Recommendation.

[2] The Report and Recommendation provides six reasons why Plaintiff Klein has failed to state a claim upon which relief may be granted to him. First, Plaintiff's Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, providing that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). It is unclear from the Complaint what actions Defendants are alleged to have taken, or when such conduct occurred. Moreover, the Complaint does not contain any demand or relief that Plaintiff seeks. FED. R. CIV. P. 8(a)(3) ("A pleading that states a claim for relief must contain . . . a demand for the relief sought . . . .").
Plaintiff's claims against Defendant's Pike County courts and county officials arising out of this state foreclosure action are barred by the doctrine of *res judicata*, as Klein previously brought a similar action in 2009, naming the Pike County courts as a defendant. Klein v. U.S. Bank, N.A., et al., No. 3:09-1705 (M.D. Pa. filed on Sept. 2, 2009). On February 25, 2010, Judge Caputo dismissed the action, see Klein v. U.S. Bank, N.A., et al., No. 3:09-1705, 2010 WL 703255 (M.D. Pa. Feb. 25, 2010), constituting a "(1) final judgment on the merits in a prior suit involving (2) the same parties or their privies . . . ." Courteau v. United States, 287 F. App'x

2.      The Complaint is **DISMISSED WITH PREJUDICE**.

3.      The Clerk of Court shall **CLOSE** this case.

BY THE COURT:

*Joel Slomsky*

JOEL H. SLOMSKY, J.

---

159, 162 (3d Cir. 2008) (internal citations omitted).  Moreover, the above-captioned matter is based on the same cause of action as Plaintiff's previous suit.  Id.

The Court also agrees that it is barred from reviewing Plaintiff's claim by the Rooker-Feldman doctrine, as well as Pennsylvania's preclusion doctrine.  Moncrief v. Chase Manhattan Mortgage Corp., 275 F. App'x 149, 152-52 (3d Cir. 2008) (holding that District Court correctly dismissed the plaintiff's appeal from state court's foreclosure judgment under Rooker-Feldman doctrine and that relitigation of foreclosure action is prohibited by Pennsylvania's preclusion doctrine).

Next, to the extent that Plaintiff seeks to hold county officials and a county judge personally liable for actions taken in their official capacity, the Eleventh Amendment's guarantee of sovereign immunity bars Plaintiff's suit against those Defendants.  Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996).  Moreover, Plaintiff cannot succeed on his claims against Judge Kameen because the Judge is entitled to judicial immunity for his conduct while presiding over Plaintiff's previous case.  Mireles v. Waco, 502 U.S. 9, 12-13 (1991).

Finally, the Court will grant Defendant's Motions to Dismiss because Plaintiff's claims are barred by the statute of limitations.  The Third Circuit has held that "[c]ivil rights claims are subject to the statute of limitations for personal injury actions of the pertinent state.  Thus, Pennsylvania's two year statutory period applies to [these] claims."  Smith v. Delaware County Court, 260 F. App'x 454, 455 (3d Cir. 2008).  The only specific factual allegation in the Complaint is that: "Judge Kameen denial [sic] me a jury trial in 2006."  (Doc. No. 1 at 1.)  The instant action was filed in February 2011, almost five years after the alleged event took place.  Plaintiff has made no showing as to why the statute of limitations should be tolled.

The Court agrees with the reasons for dismissal set forth in the Report and Recommendation, and Defendants' Motions to Dismiss will be granted.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNIS KLEIN,** | : | **CIVIL NO. 3:11-CV-278** |
| | : | |
| **Plaintiff,** | : | **(Judge Slomsky)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **PIKE COUNTY COMMISSIONERS,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants,** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case.

This is a *pro se* civil rights action brought by Dennis Klein arising out of on-going efforts by Mr. Klein to avoid mortgage foreclosure. Mr. Klein's current *pro se* complaint, which was filed on February 9, 2011, is a spare document consisting of a two-page narrative, coupled with excerpts from various pleadings, articles and publications. (Doc. 1) Klein's complaint names the Pike County Commissioners, Richard Caridi, Harry Forbes, and Karl Wagner, as defendants but contains absolutely no factual averments relating to these defendant-officials. In addition, Klein names a state judge, Judge Joseph Kameen, as a defendant. However, as to Judge Kameen, Klein merely asserts without further explanation that "Judge Kameen denial [sic] me a jury trial in 2006." (Id.) The balance of Klein's complaint then consists largely of a series of demands that defendants admit to specific factual assertions made by the

plaintiff, coupled with vague assertions of violations of Klein's civil rights and other wrongdoing by an array of individuals and entities which are not named as defendants. (Id.) Notably absent from the complaint is any coherent prayer of relief, describing what remedies Klein seeks from the courts. (Id.)

Klein is a familiar litigant in federal court. Indeed, this is the third lawsuit which Klein has filed relating to these mortgage foreclosure matters. Thus, in 2009 Klein filed an action against the U.S. Bank, Pike County courts and county officials seeking to prevent this foreclosure. Klein v. U.S.Bank, N.A., et al., No. 3:09-CV-1705. This action was dismissed in February 2010. Undeterred, Klein filed a second action with this Court in August 2010, naming the bank and the federal bankruptcy courts as defendants. Klein v. U.S.Bank, et al., 3:10-CV-1690. This second civil action was also short-lived, and was dismissed in December 2010.

It is against this backdrop of prodigious, if prodigiously unsuccessful, litigation that Klein commenced this lawsuit in February of 2011. At the time that Klein filed this complaint he tendered the filing fee required by law. Therefore, Klein's complaint was not subject to any form of initial screening by the Court. The named defendants have, however, filed motions to dismiss this complaint, arguing that Klein's *pro se* complaint fails to state a claim upon which relief can be granted. (Docs. 6 and 8)

These motions to dismiss have been fully briefed by the parties, (Docs. 7, 9, and 10),

and are now ripe for resolution.

For the reasons set forth below, it is recommended that the motions to dismiss

be granted and this case should be dismissed in its entirety.

## II.   Discussion

### A.   Motion To Dismiss–Standard of Review

The defendants have filed motions to dismiss this complaint, relying upon Rule

12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) of the Federal Rules

of Civil Procedure provides that a complaint should be dismissed for "failure to state

a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). With respect to

this benchmark standard for legal sufficiency of a complaint, the United States Court

of Appeals for the Third Circuit has aptly noted the evolving standards governing

pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in
> recent years. Beginning with the Supreme Court's opinion in Bell
> Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our
> opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir.
> 2008)]and culminating recently with the Supreme Court's decision in
> Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have
> seemingly shifted from simple notice pleading to a more heightened form
> of pleading, requiring a plaintiff to plead more than the possibility of
> relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of

-4-

truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### B. Klein's Complaint Should be Dismissed Because It Violates Rule 8

Judged against these standards, Klein's complaint fails for at least six reasons.

At the outset, dismissal of this complaint is warranted because Klein's complaint fails to comply with Rule 8's basic injunction that "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." It is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon

County, 219 F.App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is also largely unintelligible," Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate. See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n.1 (5th Cir. 2005).

These general legal principles governing adequacy of civil complaints call for dismissal of Klein's complaint in its current state. With respect to the defendants named in this action, it is completely unclear from the complaint what actions they are alleged to have taken, and when they are alleged to have taken those actions. Indeed, the complaint makes no factual allegations whatsoever with respect to the Pike County Commissioners beyond listing these officials in the caption of the case. Moreover, this complaint fails to do something which all complaints must do—it fails to contain "a demand for the relief sought." Fed .R. Civ. P. 8(a)(3). This failure to articulate in the complaint a basis for holding these defendants accountable for some violation of the constitution, or to state a proper prayer for relief, requires dismissal of these defendants from this lawsuit. See Thomas v. Conway, No. 04-1137, 2005 WL 2030304 (M.D. Pa. July 21, 2005)(failure to name defendant in body of complaint compels dismissal). Indeed, in this case, without the inclusion of some further well-

pleaded factual allegations, the assertions made here are plainly inadequate and fail to meet the threshold defined by law since they are little more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which as a legal matter] do not suffice." Ashcroft v. Iqbal, supra 127 S.Ct. at 1979.

### C.   The Doctrine of Res Judicata Bars Consideration of This Complaint

In addition, to the extent that Klein seeks to bring some sort of action against the Pike County courts and county officials arising out of this state foreclosure action, we note that Klein previously brought such an action in 2009, Klein v. U.S.Bank, N.A., et al., No. 3:09-CV-1705. This action was dismissed by the court in February 2010. In this case, where the courts have already resolved the issue of whether Klein may sue Pike County officials in federal court for their alleged role in this mortgage foreclosure matter, the doctrine of res judicata bars further consideration of this complaint. Res judicata, or claim preclusion, is a legal doctrine that bars re-litigation of claims or issues that have been definitively resolved between the parties in prior litigation.

> For res judicata to apply, "[it] must [be] demonstrate[d] that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir.1991). It is well settled that a "[d]ismissal for failure to state a claim is a final judgment on the merits for res judicata purposes." Post v. Hartford Ins. Co., 501 F.3d 154, 169 (3d Cir.2007) (citing Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 69

L.Ed.2d 103 (1981)) (discussing the effect of a dismissal pursuant to Fed.
R. Civ. P. 12(b)(6)).

Courteau v. United States, 287 F. App'x. 159, 162 (3d Cir. 2008).

In this case the principle of *res judicata* applies and bars any further
consideration of Klein's oft-litigated complaints concerning this mortgage foreclosure.
This issue has been the subject of two prior lawsuits by Klein, one of which
specifically named Pike County courts as officials as defendants.  Klein v. U.S.Bank,
N.A., et al., No. 3:09-CV-1705;Klein v. U.S.Bank, et al., 3:10-CV-1690.  Since these
previous decisions constituted a "final judgment on the merits in a prior suit involving
. . . the same parties or their privies . . . a subsequent suit based on the same cause of
action" like the complaint currently tendered by Klein is plainly forbidden by
principles of *res judicata*. Courteau v. United States, 287 F. App'x. 159, 162 (3d Cir.
2008). Therefore, the doctrine of *res judicata* compels dismissal of this complaint.

**D.**     **The Rooker-Feldman Doctrine and Pennsylvania State Issue
Preclusion Rules Bar This Court From Entertaining Claims Which,
In Effect, Compel Us to Review State Court Mortgage Foreclosure
Decisions**

As we have noted, this matter arises out of state mortgage foreclosure litigation
which concluded with the entry of a judgment of foreclosure against the plaintiff.
Despite this adverse state court ruling, the plaintiff has now proceeded into federal

court for a third time with a complaint which necessarily invites us to review, re-examine and reject state court rulings in Klein's prior state mortgage foreclosure case.

This we cannot do. Indeed, the United States Supreme Court has spoken to this issue and has announced a rule, the Rooker-Feldman doctrine, which compels federal district courts to decline invitations to conduct what amounts to appellate review of state trial court decisions. As described by the Third Circuit:

> That doctrine takes its name from the two Supreme Court cases that gave rise to the doctrine. Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The doctrine is derived from 28 U.S.C. § 1257 which states that "[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court....". See also Desi's Pizza, Inc. v. City of Wilkes Barre, 321 F.3d 411, 419 (3d Cir.2003). "Since Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that Congress did not intend to empower District Courts to review state court decisions." Desi's Pizza, 321 F.3d at 419.

Gary v. Braddock Cemetery, 517 F.3d 195, 200 (3d Cir. 2008).

Because federal district courts are not empowered by law to sit as reviewing courts, reexamining state court decisions, "[t]he Rooker-Feldman doctrine deprives a federal district court of jurisdiction in some circumstances to review a state court adjudication." Turner v. Crawford Square Apartments III, LLP., 449 F.3d 542, 547 (3d Cir. 2006). Cases construing this jurisdictional limit on the power of federal courts have quite appropriately:

[E]mphasized the narrow scope of the Rooker-Feldman doctrine, holding that it "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[Exxon Mobil Corp. v. Saudi Basic Industries Corp.], 544 U.S. at 284, 125 S.Ct. at 1521-22; see also Lance v. Dennis, 546 U.S. 459, ----, 126 S.Ct. 1198, 1201, 163 L.Ed.2d 1059 (2006)

Id.

However, even within these narrowly drawn confines, it has been consistently recognized that the Rooker-Feldman doctrine prevents federal judges from considering lawsuits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," particularly where those lawsuits necessarily require us to re-examine state mortgage foreclosure rulings. See, e.g., Moncrief v. Chase Manhattan Mortgage Corp., 275 F. App'x 149 (3d Cir. 2008)(Rooker-Feldman doctrine precludes re-litigation of state mortgage foreclosure in federal court) ; Ayres-Fountain v. Eastern Savings Bank, 153 F. App'x 91 (3d Cir. 2005)(same); In re Knapper, 407 F.3d 5773 (3d Cir. 2005)(same); Downey v. Perrault, No. 09-1018, 2009 WL 3030051 (D.N.J. Sept. 15, 2009)(same); Easley v. New Century Mortgage Corp., No. 08-4283 (E.D. Pa. July 28, 2009)(same); Laychock v. Wells Fargo Home Mortgage, No. 07-4478, 2008 WL 2890962 (E.D.Pa. July 23, 2008)(same).

In the context of federal litigation challenging prior state mortgage foreclosure judgments a "claim is barred by Rooker-Feldman under two circumstances; first, if the federal claim was actually litigated in state court prior to the filing of the federal action or, second, if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong. In either case, Rooker-Feldman bars a litigant's federal claims and divests the District Court of subject matter jurisdiction over those claims." In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005). For purposes of applying this doctrine to federal lawsuits attacking prior state mortgage foreclosure cases: "A federal claim is inextricably intertwined with an issue adjudicated by a state court when: (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment.... In other words, Rooker-Feldman does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders." In re Knapper, 407 F.3d at 581 (citations omitted).

Thus:

> "Rooker-Feldman does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its own orders." In re Knapper, 407 F.3d 573, 580 (3d Cir.2005). "A mortgage foreclosure action depends upon the existence of a valid mortgage. . . . . [Therefore] If [plaintiff's] claim . . . were permitted to proceed and [plaintiff] obtained a favorable judgment, the resulting federal judgment would necessarily negate the state court foreclosure judgment, a judgment

which had been rendered prior to the commencement of [this action].
This result [would be] precisely the outcome prohibited by the Rooker-Feldman doctrine." In re Madera, 388 B.R. 586, 597-98 (E.D.Pa.2008)
(dismissing TILA claim following default foreclosure judgment).

Easley v. New Century Mortg. Corp. 2009 WL 2256692 at *1.

Moreover, there is a second threshold legal hurdle that Klein must cross when

endeavoring to bring this action.  Entirely aside from the Rooker-Feldman doctrine,

it is also well settled that an effort to use the federal courts to invalidate, challenge or:

> [R]elitigate [a state] foreclosure action, . . . , is prohibited by
> Pennsylvania's preclusion doctrine. Federal courts are required to give
> state court judgments the same preclusive effect that the issuing state
> courts would give them. See Rycoline Prods., Inc. v. C & W Unlimited,
> 109 F.3d 883, 887 (3d Cir.1997). Under Pennsylvania law, claim
> preclusion is a doctrine by which a former adjudication bars a later action
> on all or part of the claim which was the subject of the first action. Any
> final, valid judgment on the merits by a court of competent jurisdiction
> precludes any future suit between the parties or their privies on the same
> cause of action. [Claim preclusion] applies not only to claims actually
> litigated, but also to claims which could have been litigated during the
> first proceeding if they were part of the same cause of action. Balent v.
> City of Wilkes-Barre, 542 Pa. 555, 669 A.2d 309, 313 (1995) (internal
> citations omitted).

Moncrief v. Chase Manhattan Mortg. Corp. 275 F.Appx. 149, 153 (3d Cir. 2008).

These rules have substantive significance here, because as we have previously

observed: "In Pennsylvania, actions in mortgage foreclosure are dependent on the

existence of a valid mortgage.  Without a valid mortgage, there is simply nothing to

foreclose upon." In re Calabria, 418 B.R. 862, 866-67 (W.D.Pa. 2009)(citations omitted). Therefore, the state foreclosure judgment entered against Klein is premised upon a finding of a valid mortgage, a finding which cannot now be set aside by the federal courts.

These principles are directly applicable here, and are fatal to this complaint which invites us to set aside this mortgage foreclosure action on the basis of broad, and unsupported, claims that the defendants have engaged in fraud. As to these claims, the gravamen of the plaintiff's complaint is that the mortgage itself was invalid due to some fraud, over-reaching or misconduct. Thus, this complaint expressly invites this Court to set aside the prior foreclosure judgment entered by the state courts. Moreover, in each instance, the plaintiff's claim invites us to find that the legal predicate to this state foreclosure–a valid mortgage–did not exist. These arguments, therefore, involve litigation of a claim concerning the validity of the mortgage, an issue that has been preclusively determined by the prior state litigation. In this setting, issue preclusion principles forbid us from re-visiting this question at this late date in the guise of a federal lawsuit.

E.   **The Eleventh Amendment to the United States Constitution Bars This Lawsuit Against a State Agency**

In addition, to the extent that this complaint seeks to hold county officials and a county judge personally liable for actions taken in their official capacity, Klein's

-14-

complaint runs afoul of  basic constitutional and statutory rules limiting lawsuits against state agencies and officials.   First, as a matter of constitutional law, the Eleventh Amendment to the Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the . . . States . . . .", U. S. Const. Amend XI.  By its terms, the Eleventh Amendment strictly limits the power of federal courts to entertain cases brought by citizens against the state and state agencies.   Moreover, a suit brought against an individual acting in his or her official capacity constitutes a suit against the state and, therefore, also is barred by the Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

Pursuant to the Eleventh Amendment, states, state agencies and state officials who are sued in their official capacity are generally immune from lawsuits in federal courts brought against them by citizens. Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996). The constitutional protections afforded to the states and the state court system under the Eleventh Amendment also expressly apply to the state agencies that are integral parts of Pennsylvania's unitary court system.  These court agencies, which also enjoy immunity from lawsuit under the Eleventh Amendment, include the various county common pleas courts which are defined by statute as arms of the state courts, and institutions of state government. See, e.g., Walters v. Washington County, No. 06-

1355, 2009 WL 7936639 (W.D. Pa. March 23, 2009); Van Tassel v. Lawrence County

Domestics Relations Section, No. 09-266, 2009 WL 3052411 (W.D. Pa. Sept. 22,

2009).   Absent an express waiver of the immunity established by the Eleventh

Amendment, all of these agencies, and their employees who are sued in their official

capacities, are absolutely immune from lawsuits in federal court.  Moreover as a matter

of statutory interpretation, the plaintiff cannot bring a damages action against these

state agencies or state officials in their official capacity since it is well-settled that a

state, a state agency, or a state official acting in an official capacity is not a "person"

within the meaning of 42 U.S.C. §1983. Will v. Michigan Dep't. of State Police, 491

U.S. 58, 71 (1989).

### G.    The Doctrine of Judicial Immunity Also Bars These Claims

Furthermore, to the extent that the complaint seeks to hold a state judge

personally liable for damages, it is well-settled that this judicial officer is individually

cloaked with immunity from liability.  The United States Supreme Court has long

recognized that those officials performing judicial, quasi-judicial, and prosecutorial

functions in our adversarial system must be entitled to some measure of protection

from personal liability for acts taken in their official capacities.  In order to provide

this degree of protection from liability for judicial officials, the courts have held that

judges, Mireless v. Waco, 502 U.S. 9, 13 (1991); prosecutors, Imbler v. Pachtman, 424

U.S. 409, 427 (1976); and those who perform adjudicative functions, Imbler, 424 U.S. at 423 n. 20  (grand jurors); Harper v. Jeffries, 808 F.2d 281, 284 (3d. Cir. 1986)(parole board adjudicators); are entitled to immunity from personal liability for actions they take in our adversarial system of justice.

These longstanding common law immunities for judicial officials apply here and prevent Klein from maintaining this civil action against the individual defendant he has named in his complaint, Judge Kameen. Indeed, a judge, like Judge Kameen, who presides over a case is entitled to judicial immunity for his actions. Kwasnik v. Leblon, 228 F. App'x 238, 243 (3d Cir. 2007). As the Third Circuit explained when it rejected a similar effort to impose personal civil rights liability on a the presiding judge in a state civil case, this immunity is both broad and absolute:

> A judicial officer in the performance of his or her duties has absolute immunity from suit. Mireles v. Waco, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' " Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citation omitted).

Kwasnik, 228 F.App'x at 243.[1]

---

[1]While this decision is not precedential, it is highly persuasive as a "paradigm of the legal analysis [this Court] should . . . follow." Drinker v. Colonial Sch. Dist., 78 F.3d 859, 864 n.12 (3d Cir. 1996).

This longstanding common law immunity for judicial officials directly applies here and prevents the plaintiff from maintaining this civil action for damages against the judge he has named in his complaint. Thus, entirely aside from the jurisdictional flaws in this case, and the constitutional immunity conferred upon the state by the Eleventh Amendment, this action fails against the judge named as a defendant in the complaint because that judicial officer is entitled to immunity from personal liability for his official actions in the judicial system.

## H.   The Complaint Is Time-Barred

Finally, our review of Klein's complaint reveals that the only specific factual allegation set forth in that pleading is that: "Judge Kameen denial [sic] me a jury trial in 2006."(Doc. 1) This averment, the only factual averment in this pleading, reveals that Klein's complaint is now barred by the statute of limitations. When reviewing a *pro se* complaint, it is well-settled that a court may consider whether the complaint is barred under the applicable statute of limitations. As the United States Court of Appeals for the Third Circuit recently explained when it affirmed the dismissal of a *pro se* complaint on statute of limitations grounds:

> Civil rights claims are subject to the statute of limitations for personal injury actions of the pertinent state. Thus, Pennsylvania's two year statutory period applies to [these] claims. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir.2000). The limitations period begins when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action. Gera v. Commonwealth of Pennsylvania, 256

Fed.Appx. 563, 564-65 (3d Cir.2007). Although we have not addressed the issue in a precedential decision, other courts have held that although the statute of limitations is an affirmative defense, district court may *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir.2006) (citation omitted)(finding that a district court's screening authority under § 1915(e) "differentiates in forma pauperis suits from ordinary civil suits and justifies an exception to the general rule that a statute of limitations defense should not be raised and considered sua sponte.").

Smith v. Delaware County Court 260 F. App'x 454, 455 (3d Cir. 2008).

Applying these standards, the Court finds that the allegations in this *pro se* complaint are clearly subject to dismissal on statute of limitations grounds. Specifically, this complaint, which alleges that "Judge Kameen denial [sic] me a jury trial in 2006," was filed in February 2011, almost five years after the events complained of by Klein. Therefore, the complaint is simply time-barred by the two year statute of limitations generally applicable to civil rights matters.

It is well-settled that claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985). In Pennsylvania, the statute of limitations for a personal injury action is two years. 42 Pa.C.S.A. § 5524. A cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. Sameric Corp. of Delaware, Inc. v.

City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also, Nelson v. County of

Allegheny, 60 F.3d 1010 (3d Cir. 1995).

    While this two-year limitations period may be extended based upon a

continuing wrong theory, a plaintiff must make an exacting showing to avail himself

of this grounds for tolling the statute of limitations.  For example, it is well settled that

the "continuing conduct of [a] defendant will not stop the ticking of the limitations

clock [once] plaintiff obtained requisite information [to state a cause of action].  On

discovering an injury and its cause, a claimant must choose to sue or forego that

remedy." Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) (quoting

Kichline v. Consolidated Rail Corp., 800 F. 2d 356, 360 (3d Cir. 1986)).  See also

Lake v. Arnold,  232 F.3d 360, 266-68 (3d Cir. 2000). Instead:

> The continuing violations doctrine is an "equitable exception to the
> timely filing requirement." West v. Philadelphia Elec. Co., 45 F.3d 744,
> 754 (3d Cir.1995). Thus, "when a defendant's conduct is part of a
> continuing practice, an action is timely so long as the last act evidencing
> the continuing practice falls within the limitations period; in such an
> instance, the court will grant relief for the earlier related acts that would
> otherwise be time barred." Brenner v. Local 514, United Bhd. of
> Carpenters and Joiners of Am., 927 F.2d 1283, 1295 (3d Cir.1991). In
> order to benefit from the doctrine, a plaintiff must establish that the
> defendant's conduct is "more than the occurrence of isolated or sporadic
> acts." West, 45 F.3d at 755 (quotation omitted). Regarding this inquiry,
> we have recognized that courts should consider at least three factors: (1)
> subject matter-whether the violations constitute the same type of
> discrimination, tending to connect them in a continuing violation; (2)
> frequency-whether the acts are recurring or more in the nature of isolated
> incidents; and (3) degree of permanence-whether the act had a degree of
> permanence which should trigger the plaintiff's awareness of and duty to

assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate. See id. at 755 n. 9 (citing Berry v. Board of Supervisors of Louisiana State Univ., 715 F.2d 971, 981 (5th Cir.1983)). The consideration of "degree of permanence" is the most important of the factors. See Berry, 715 F.2d at 981.

Cowell v. Palmer Township, 263 F.3d 286, 292 (3d Cir. 2001)

In this case, Mr. Klein complains about the alleged denial of a jury trial in a state case in 2006. That decision was made by the state court five years prior to the filing of this lawsuit. To the extent that this decision entailed a violation of the plaintiff's constitutional rights, that violation would have been apparent when it first occurred, in 2006, and these rulings would have long ago had a degree of permanence which should have triggered the plaintiff's awareness of his duty to assert his rights. Thus, in this case a straightforward application of the two-year statute of limitations also compels dismissal of this action as untimely.

We recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, however, the deficiencies in Klein's complaint are so many, so pervasive and so profound that we believe granting further leave to amend would be futile, and would

result in undue delay.  In short, since the factual and legal grounds proffered in support of the complaint make it clear that Klein has no right to relief, granting further leave to amend would be futile or result in undue delay. <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004).  Therefore, it is recommended that the complaint be dismissed without further leave to amend.

While federal law compels this ruling  we recognize the concerns that motivate Mr. Klein in bringing this action.  We are simply unable to grant him the relief he seeks.  A federal district court cannot act as a state appellate court in mortgage foreclosure matters.  Rather, Mr. Klein should understand that he must turn to the state trial and appellate courts to address these concerns.  Those courts stand ready to hear, and decide, these issues.

## III.   **RECOMMENDATION**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendants' motions to dismiss (Docs. 6 and 8) for failure to state a claim upon which relief can be GRANTED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk

of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 13th day of September, 2011.

<em><strong>S/Martin C. Carlson</strong></em>

Martin C. Carlson

United States Magistrate Judge